## STATE v. JOHN JOSEPH SCHMECK.

159 N. W. (2d) 772.

June 14, 1968—No. 40,452.

*C. Paul Jones*, State Public Defender, and *Roberta K. Levy* and *Robert Oliphant*, Assistant State Public Defenders, for appellant.

*Douglas M. Head*, Attorney General, *George M. Scott*, County Attorney, and *Henry W. McCarr, Jr.*, and *David C. Weinberg*, Assistant County Attorneys, for respondent.

PER CURIAM.

Defendant has pled guilty to the crime of receiving stolen property in violation of Minn. St. 609.53. He appeals from an order denying his motion to vacate the conviction and for leave to enter a plea of not guilty. The issue is whether the record supports a finding that defendant was aware of his rights with respect to search and seizure, and if so, whether he intelligently waived them.

On July 8, 1964, defendant was advised that the police had under sur-

veillance his apartment at 727 Second Street Northeast in Minneapolis. He thereupon quit his job without picking up his paycheck, consulted an attorney, and left the city until July 20.

Meanwhile, the police tried unsuccessfully to enter defendant's apartment, which they had reason to believe contained burglarized property. Unable to secure a search warrant, they were let in by a woman who collected rent for the owner. They found in it a large quantity of stolen goods.

On August 3, 1964, defendant was arrested. He confessed his guilt and admitted to some 74 burglaries in all. He here asserts that his plea of guilty was based on the false assumption that the property found in his apartment could be received in evidence, whereas in fact it was not admissible because he claims it was the fruit of an unlawful search and seizure.

The trial court, after a lengthy and exhaustive hearing (requiring a transcript of 660 pages), found that defendant had understood his rights and had waived them.

Defendant at the time of sentencing was 31 years of age. He had previously been convicted of using an automobile without the owner's permission, burglary, interstate transportation of a stolen car, entering a bank with intent to commit larceny, and unlawful possession of narcotics. He was not a stranger to the criminal processes. In November 1961 he was a party to proceedings in Hennepin County District Court wherein he sought to suppress evidence he alleged was obtained as a result of a search without a warrant and without probable cause. He complained of the court's ruling in that case when he conferred with counsel in this matter. While being interviewed by a detective, he specifically inquired about whether or not a warrant had been obtained to search his apartment. He was advised it had not been deemed necessary. During the course of that interrogation, he described in detail the 74 burglaries previously referred to as well as the precise means by which he had obtained possession of the stolen combination stereo, TV, and radio he is here charged with receiving.

At the time of arraignment and sentence in August 1964, defendant stated in open court that he had discussed the charge with counsel; that he understood his right to a jury trial, his presumption of innocence, and the state's burden of proof; and that he freely and voluntarily pled guilty, stating that he knew at the time he received the property it was stolen.

On this state of the record the trial court was justified in holding that defendant was aware of his constitutional rights and intelligently waived them.

Affirmed.